UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHLEEN TELMONT,

        Plaintiff,

v.

        Case Number 07-14264-BC
        Honorable Thomas L. Ludington

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

Defendant Unum Life Insurance Company of America's ("Defendant") motion to dismiss Count II of Plaintiff Kathleen Telmont's ("Plaintiff") complaint is presently before the Court. Plaintiff's complaint alleges intentional infliction of emotional distress ("IIED") arising from correspondences by Defendant with Plaintiff concerning her brother's life insurance proceeds. Plaintiff alleges that Defendant continued to contact Plaintiff despite repeated requests for Defendant to only communicate with Plaintiff's counsel. The Court heard argument on Defendant's motion to dismiss on February 5, 2008.

Defendant contends that Plaintiff's state law cause of action is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001 *et seq.* Defendant relies on *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) and *Tassinare v. American Nat. Ins. Co.*, 32 F.3d 220 (6th Cir. 1994), contending that 29 U.S.C. § 1144(a) preempts state law causes of action "relating to" an ERISA governed life insurance plan.

Plaintiff acknowledges the general proposition that 29 U.S.C. § 1144(a) preempts state law causes of action, but argues that it does not apply in this context. Rather, Plaintiff contends that ERISA's general preemption does not apply in the instant matter because the alleged misconduct does not sufficiently "relate to" the ERISA governed plan. Plaintiff asserts that ERISA does not provide immunity for all insurance company conduct regardless of its character or relation to the plan. Plaintiff offers persuasive authority from the Ninth Circuit in support of this proposition. See *Dishman v. Unum Life Ins. Co. of America*, 269 F.3d 974, 984 (9th Cir. 2001).

After reviewing the parties' briefs, hearing argument, and reviewing relevant authority, the Court concludes that Count II of Plaintiff's complaint does not adequately plead a factual basis demonstrating that it is not preempted by ERISA's preemption provision, 29 U.S.C. § 1144. Thus, the Court will **GRANT** Defendant's motion to dismiss and will **GRANT** Plaintiff leave to file an amended complaint to allow her an opportunity to adequately plead a cause of action that does not "relate to" the plan under the meaning of 29 U.S.C. § 1144(a).

I

According to Plaintiff's complaint, her brother, Michael Telmont ("Decedent"), passed away in California on August 1, 2005. The Decedent's employer, Payroll Solutions, provided him with $100,000.00 of life insurance coverage through Defendant. Plaintiff was the beneficiary of that policy. Defendant believed that Plaintiff was only entitled to payments totaling $80,000.00, however, Plaintiff maintained that Defendant had not satisfied the entire amount owed under the policy. Defendant rejected Plaintiff's repeated demands for an additional $20,000.00 payment.

According to Defendant's counsel, the plan provided payment of $100,000.00 or five times the policy holder's salary from the previous year, which ever was the lesser amount. Allegedly, the

Decedent earned approximately $16,000 during his previous year of employment. As a result, Defendant determined that the beneficiary of the plan, Plaintiff, was entitled to $80,000.00, instead of the maximum amount allowed under the plan, $100,000.00.

Count II of Plaintiff's complaint[1] alleges that Defendant's conduct with respect to the investigation and processing of the Decedent's policy is grounds for an intentional infliction of emotional distress ("IIED") claim. Though the complaint does not explain the outrageous conduct in great detail, Plaintiff alleges that Defendant intentionally contacted Plaintiff after Plaintiff's counsel informed Defendant that she was represented. Plaintiff's Count II consists of the following two paragraphs:

> 7. The attorney for Plaintiff, Steven L. Snyder, notified Defendant on three separate occasions by letter to not contact Ms. Telmont directly and to only contact him due to Plaintiff's impaired mental state due to the death of her brother. Further Plaintiff suffers from life threatening illnesses which are aggravated by stress.
>
> 8. Despite these pleas, Defendnat (sic) continued to directly contact Ms. Telmont deliberately inflicting mental distress upon her resulting in post traumatic stress disorder which will require medical treatment for many years. Due to these contacts, Plaintiff's life threatening illnesses have been exacerbated resulting in enormous medical expenses plus needless pain and suffering.

Dkt. # 1 at 8. According to Plaintiff's response brief, Plaintiff's counsel notified Defendant in three letters that Defendant was only to contact counsel regarding the disputed policy. After the second contact, Plaintiff's counsel letter provided as follows:

> . . . I instructed Payroll Solutions and Unum Insurance that they were to have no contact with my client. This instruction has been repeatedly ignored and I am not happy over it. [Plaintiff] has a severe physical disability as well as serious emotional problems dealing with the untimely death of her brother. Your continued contact aggravates these conditions. DO NOT CONTACT MY CLIENT AGAIN ONLY

---

[1] Plaintiff's complaint does not clearly allege a "Count I." Defendant's brief, however, acknowledges that "Count I" seeks to recoup the disputed $20,000.00 and Count II seeks compensatory damages for IIED.

> CONTACT ME. If you persist in this conduct, I will file claims [sic] for intentional infliction of emotional distress.

Dkt. # 15 at 5. Allegedly, Defendant again contacted Plaintiff after counsel sent this letter.

At the hearing, Defendant's counsel acknowledged that Defendant contacted Plaintiff approximately six times despite Plaintiff's counsel's requests to cease. Defendant's counsel maintained that the contacts were the result of a lack of communication between Defendant's various divisions. Defendant's counsel acknowledged that Defendant undertook a limited investigation with respect to the Decedent's policy, including contacting Plaintiff. Furthermore, Defendant's counsel indicated that the division responsible for the claim ceased direct communications with Plaintiff after receiving the request.

Defendant's counsel explained during the hearing that Plaintiff's policy included a "personalized financial counseling" service intended to provide assistance to the beneficiary with obligations arising from the policy generated payment, e.g. taxes, investments, effect on other benefits, etc. Defendant's counsel asserted that the department responsible for the counseling service was unaware of the requests and continued to contact Plaintiff in order to provide financial assistance.

At the hearing, Plaintiff's counsel did not indicate the substance of the Defendant's communications with Plaintiff that caused her injury, merely maintaining that Defendant's communications harassed Plaintiff. Nor did he indicate whether the financial counseling division or the claim division contacted Plaintiff.

In September of 2007, Plaintiff initiated this action in Saginaw County Circuit Court. Defendant removed the action to this Court and filed the instant motion to dismiss.

II

Motions to dismiss are governed by Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE and allow for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citations omitted); *see also Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) ("[W]hile liberal, this standard of review does require more than the bare assertion of legal conclusions."). In *Twombley*, 127 S.Ct. at 1965, the Supreme Court continued, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (Citations omitted). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

III

Defendant contends that 29 U.S.C. § 1144 expressly preempts Plaintiff's IIED claim. ERISA

provides an exclusive civil enforcement scheme and it expressly preempts state common law actions "asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 US 41, 57 (1987). In a unanimous opinion, the United States Supreme Court examined ERISA's preemption provision, 29 U.S.C. § 1144. *Id.* The Court summarized the provision as follows:

> If a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted. [29 U.S.C. § 1144(a)] The saving clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' [29 U.S.C. § 1144(b)(2)(A)]. The deemer clause makes clear that a state law that 'purport[s] to regulate insurance' cannot deem an employee benefit plan to be an insurance company. [29 U.S.C. § 1144(b)(2)(B)].

*Pilot Life*, 481 U.S. at 45. Thus, ERISA preempts any laws that "relate to" an ERISA governed plan unless the state law specifically regulates insurance.

The Sixth Circuit concluded that ERISA's preemption provision, 29 U.S.C. § 1144, preempts a cause of action asserting IIED arising from an employer's refusal to make matching payments to a pension plan. *Tassinare v. American Nat. Ins. Co.*, 32 F.3d 220, 224-24 (6th Cir. 1994). In *Tassinare*, the appellants were former employees alleging that the appellees did not contribute the required amount to the appellants' retirement plan. *Id.* at 222. The appellants alleged breach of fiduciary duty under ERISA, 29 U.S.C. § 1132, and state law claims for breach of contract and intentional infliction of emotional distress. *Id.* at 224. The state law claims rested on the appellants' allegation that the appellees "refus[ed] to make matching payments" into the retirement fund, as agreed by the parties. *Id.*

The Sixth Circuit held that the state causes of action were preempted, relying on the Supreme Court's reasoning in *Pilot Life* that "the express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Id.* at 224 (quoting *Pilot Life*, 481 U.S. at 45-46). The Court found the appellants' allegation that the

appellees did not make the required payments "clearly relat[ed] to an employee benefit plan, and . . . is preempted." *Id.* (internal quotations and citation omitted). Additionally, the Court rejected the appellants' argument that a claim for IIED is not preempted under 29 U.S.C. § 1144 because it arises under federal common law. *Id.*

Defendant relies squarely on *Tassinare* contending that the Court is compelled to dismiss Plaintiff's IIED claim. Plaintiff recognizes that *Tassinare* stands for the proposition that a claim for IIED resulting from an employer's handling of employee benefits is preempted. Plaintiff contends, however, that her IIED claim only tangentially "relates to" an ERISA governed plan and that her injury arises from Defendant's conduct while handling the life insurance policy, not from a breach of Defendant's obligations under the plan.

Plaintiff offers persuasive authority from the Ninth Circuit asserting that Defendant's conduct was sufficiently distinct from the ERISA governed plan to be excepted from 29 U.S.C. § 1144(a). In *Dishman v. Unum Life Ins. Co. of America*, 269 F.3d 974, 984 (9th Cir. 2001), the Ninth Circuit held that the appellant's tortious invasion of privacy claim was not preempted by 29 U.S.C. § 1144(a) because his claim only had a "tenuous, remote, or peripheral connection with the plan ..." *Id.* (quoting *New York State Conference v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995).

The matter arose after the appellant filed a claim for long term disability benefits with the appellee. *Id.* at 978. Despite the appellee's internal recommendation to settle the appellant's claim for long term disability benefits, the appellee referred the claim to its "Complex Claim Unit" ("CCU"). *Id.* The CCU "hired several private investigation agencies" as part of its investigation into the veracity of the appellant's claim. *Id.* The appellant's complaint asserted a state law cause of action for invasion of privacy for the conduct of the outside investigators. *Id.* at 979. The

appellant alleged that,

> an investigator retained by UNUM elicited information about his employment status by falsely claiming to be a bank loan officer endeavoring to verify information he had supplied; that investigators elicited personal information about him from neighbors and acquaintances by representing that he had volunteered to coach a basketball team; that investigators sought and obtained personal credit card information and travel itineraries by impersonating him; that investigators falsely identified themselves when caught photographing his residence; and that investigators repeatedly called his residence and either hung up or else dunned the person answering for information about him.

*Id.* at 979-80. The appellee conceded that the appellant had stated a cause of action under state law, but asserted that ERISA, 29 U.S.C. § 1144, preempted the state cause of action. *Id.* at 980.

The Ninth Circuit recognized that ERISA preemption has "bedeviled the Supreme Court" and that the Supreme Court rejected a literal interpretation of "relate to" contained within 29 U.S.C. § 1144. *Id.* at 980 (citing *New York State Conference*, 514 U.S. at 656). The Ninth Circuit concluded that "the conduct at issue allegedly occurred in the course of [the appellee's] administration of the plan does not create a relationship sufficient to warrant preemption." *Id.* (internal quotations omitted). The Court reasoned that Congress did not intend to provide "blanket immunity" for any conduct that peripherally impacts daily plan administration. *Id.*

Viewing the allegations set forth in Count II of Plaintiff's complaint, the Court concludes that Defendant is entitled to dismissal of Plaintiff's IIED claim. The standard governing a motion to dismiss for failure to state claim compels the Court to limit its inquiry to the allegations contained within the complaint. Plaintiff's complaint merely alleges that Defendant was aware that Plaintiff was represented, Plaintiff's counsel informed Defendant that Plaintiff had unique physical and mental circumstances without further explanation, that Plaintiff's counsel requested Defendant to cease all direct communications with Plaintiff, and Defendant continued to communicate with

Plaintiff concerning the Decedent's passing. The Court recognizes that Plaintiff could plead facts for a state law claim for IIED that would not be preempted by ERISA's preemption provision. As the Court in *Dishman* acknowledged, 29 U.S.C. § 1144 does not preempt all state law claims regardless of how far removed the alleged conduct is from the plan, because the provision does not intend to preempt any claim literally "related to" an ERISA covered plan. Count II, as plead, however, does not delineate facts that demonstrate that Defendant's alleged conduct is sufficiently disconnected from the administration of the plan and Plaintiff's entitlement to a plan benefit. Thus, the Court will grant Defendant's motion to dismiss Count II.

Additionally, Defendant asserts in its reply brief that Plaintiff's IIED claim may be properly alleged as a breach of fiduciary duty under ERISA's civil enforcement scheme contemplated in 29 U.S.C. § 1132(a)(3). ERISA provides a beneficiary the opportunity to enforce his or her rights for breach of fiduciary duties with respect to administration of the plan. 29 U.S.C. § 1132(a)(3). It is clear, however, from the complaint that Plaintiff did not intend to state a claim for relief under 29 U.S.C. § 1132(a)(3).

The FEDERAL RULES OF CIVIL PROCEDURE provide that a party may amend its pleadings with the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In the instant matter, the Court concludes that is appropriate to allow Plaintiff the opportunity to file an amended complaint, if Plaintiff so elects.

IV

Thus, the Court will dismiss Count II of Plaintiff's complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b) because Count II does not plead facts demonstrating her intentional infliction of emotional distress claim is not preempted by 29 U.S.C. § 1144.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [Dkt. # 14] is **GRANTED**. Count II of Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint **on or before March 3, 2008**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---